IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**FANNIE MAE** **PLAINTIFF**

**v.** **CAUSE NO. 1:13CV399 LG-JCG**

**JOHN HURST and**
**SOUTHERN HOLDINGS III, LLC** **DEFENDANTS**

### ORDER REGARDING DEFENDANTS' MOTIONS

BEFORE THE COURT are the Motion [68] for Extension of Time to File Response as to [61] Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56(d), the Motion [71] for Review of Magistrate Judge Order, and the Motion [72] for Certificate of Appealability, filed by defendants John Hurst and Southern Holdings III, LLC. Plaintiff Fannie Mae has responded to the Motions. The defendants have replied only to the Motion for Certificate of Appealability. After due consideration of the parties' submissions and the record in this case, it is the Court's opinion that an extension of time to file a response to the plaintiff's motion for summary judgment should be granted. The remainder of the motions will be denied.

<u>Defendants' Objection to the Magistrate Judge's Order:</u>

Defendants object to the Magistrate Judge's Order [67] denying as moot their motions to suspend or continue Case Management Order deadlines. The defendants requested that the Court suspend the Case Management Order deadlines until a ruling on their earlier objection to the Magistrate Judge's discovery order. However, neither motion requesting a continuance was granted, and therefore the deadlines were not suspended. Once the Court's order regarding

the Magistrate Judge's discovery order entered, defendants' request that the deadlines be suspended until then became moot, as it requested relief that could no longer be granted. Accordingly, the Magistrate Judge did not err in finding as moot defendants' motions [52] and [64] to suspend or continue Case Management Order deadlines. This objection is overruled.

The Motion for Certification:

Title 28 of the United States Code section 1292(b) provides in pertinent part:

> When a district judge, in making in a civil action an order not otherwise appealable . . . shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order. . . .

The defendants desire to immediately appeal the Court's resolution of a discovery dispute. Defendants seek discovery of apartment foreclosure sales from a multi-state region to support its theory that Fannie Mae is "artificially poisoning" the market for apartment complexes. Defendants contend that Fannie Mae has an incentive and the ability to "dump" apartment complexes by selling them at discounts. By discovering the selling prices of apartment complexes Fannie Mae has "dumped" in other markets, defendants hope to show that Fannie Mae is unilaterally driving down market values, and thereby show that the true value of its apartment complex in Pascagoula was something different from the appraised value and the foreclosure sales price. The Court determined that the discovery

sought by defendants was not likely to lead to admissible evidence, because it is not relevant whether Fannie Mae is unilaterally depressing the value of foreclosed-upon apartment complexes in the Southeastern United States.  Even if true, the value of all apartment complexes in the general region are subject to the market distortion defendants allege.  The Court's task as the fact-finder in this case is not to determine whether the market is fair, but whether Fannie Mae gave defendants "fair credit for the commercially reasonable value" of the Pascagoula, Mississippi apartment complex.  *Fed. Land Bank of Jackson v. Wolfe*, 560 So. 2d 137, 141 (Miss. 1989).  Fannie Mae "has the burden of proving under the principles of equity that it had endeavored to collect the [defendants'] indebtedness out of the land and that the value of the subject property is insufficient for this purpose."  *Id.*  Evidence that Fannie Mae's sales in other markets have affected the fair market value of defendants' Pascagoula property will not assist the Court in making its decision.

In order to determine if an interlocutory appeal is warranted, the Court must first consider whether denial of the requested discovery is a controlling question of law.  The Defendants disagree with the Court's application of discovery principles to their request for information.  This disagreement turns on the facts of the case and should be reviewed by the appellate court in the ordinary course rather than by an interlocutory appeal.  Furthermore, an immediate appeal of the interlocutory order would not materially advance the ultimate termination of this case.  Therefore, certification for interlocutory appeal will be denied.

Defendants' Motion for a Rule 56(d) Continuance:

The defendants request that they be granted additional time to respond to Fannie Mae's summary judgment motion while they seek the interlocutory appeal denied above. They also contend they were in limbo and unsure of how to proceed while their motions and objections were pending, and the response deadline had passed by the time the rulings issued.

Pursuant to Rule 56(d), a non-movant on summary judgment may request a continuance for further discovery. In order to obtain a Rule 56(d) continuance, however, the non-movant must "show[ ] by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). It is clear from counsel's affidavit that his defense relies on obtaining the discovery he has been denied. However, merely filing a motion does not affect any deadline imposed, and so the defense of this case should have proceeded. The deadline for filing a response to the summary judgment motion has long passed, but the Court will grant defendants an extension, until October 15, 2014, to file their response. This case is set for a bench trial in December 2014.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion [68] for Extension of Time to File Response to [61] Motion for Summary Judgment is **GRANTED**. The defendants shall file their response on or before October 15, 2014.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Motion [71] for Review of Magistrate Judge Order is **DENIED** and the objection is **OVERRULED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Motion [72] for

Certificate of Appealability is **DENIED**.

    **SO ORDERED AND ADJUDGED** this the 1st day of October, 2014

        s\ *Louis Guirola, Jr.*
        Louis Guirola, Jr.
        Chief U.S. District Judge